IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATHLETE'S FOOT BRANDS, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiff,<br><br>vs.<br><br>WHOOOAHH, INC. d/b/a SHU'S IDAHO RUNNING COMPANY, an Idaho Corporation; and MIKE SHUMAN and KATHRYN SHUMAN, Individuals,<br><br>        Defendants. | Case No. 07-333-S-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Plaintiff Athlete's Foot Branss, LLC ("AFB") motion for preliminary injunctive relief (Docket No. 10).  Defendant Whooahh, Inc., Mike Shuman and Kathryn Shuman (collectively referred to as the "Defendants") have filed their response to the motion.  Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

MEMORANDUM ORDER  - 1

**Standard of Review**

Fed. R. Civ. P. 65(a) discusses the procedure to be followed on an application for a preliminary injunction.  Broadly defined, a preliminary injunction is a judicial remedy that is issued to protect a plaintiff from irreparable harm while preserving the court's power to render a meaningful decision after a trial on the merits.  Thus, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain.  The grant or denial of a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity.  See:  Inland Steel v. U.S., 306 U.S. 153, 59 S.Ct. 415, 83 L.Ed. 557 (1939); Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S. Ct. 229, 85 L.Ed. 189 (1940); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

While  courts  are  given  considerable  discretion  in  deciding  whether  a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  See:  Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed. 2d 166 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed.2d 1435 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In the case of Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet one of two tests.  Under the first,

> [A] court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

Id. (internal quotations and citations omitted); and Stanley v. Univ. of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994).  Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits."  Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (en banc).  This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa.  Id.

Speculative injury is insufficient to support a finding of irreparable harm.  As the Ninth Circuit has stated,

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

Carribean Marine Service Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

## Factual Background

In 1996, AFB and Defendants[1] entered into an operating agreement ("Agreement").  The Agreement provided AFB was the franchiser and the Defendants were the franchisee owners of the Athlete's Foot Store located at 1752 W. State Street, Boise, Idaho.[2]  The franchisee is referred to as the "Company" in the Agreement.  The term of the Agreement was ten years and the Agreement expired September 19, 2006.  The Agreement was governed by Pennsylvania law and contained a one-year non competition clause.

The non-competition clause prevents Defendants from operating a retail athletic shoe store within a three mile radius of 1752 W. State Street and within a 10 mile radius of any existing Athlete's Foot stores that were in existence when the Agreement was signed and are still in business.  It is undisputed there are no Athlete's Foot stores that meet the 10 mile radius exclusion in the Agreement.  Accordingly, the only part of the non-compete clause applicable is the area of non-competition defined as the Company's Area of Responsibility which was expressly defined by the parties in a October 27, 1998 amendment as:

---

[1]At the time the Agreement was entered, John and Barbara Ballantyne were also partners with Mike and Kathryn Shuman.  The Shumans later bought out the Ballantynes and Whooahh, Inc. was changed to the "Company" in the Agreement.  Whooahh, Inc. became the franchisee owner of the Athlete's Foot store at issue in this case and it is assumed the Shumans are shareholders of Whooahh, Inc.

[2]In 2006, the Company moved to a new location at 1758 West State Street and signed a seven year lease for the store space.

"Company's Area of Primary Responsibility" shall be the area encompassed by a three (3) mile radius around the premises of 1752 West State Street, Boise Idaho 83902."[3]

The Agreement was not renewed by the parties.  Plaintiff claims they were negotiating with Defendants and Defendants claim Plaintiff was not negotiating in good faith to extend the Agreement.  After the expiration of the Agreement, Defendants continued to use the Athlete's Foot trademark and name for their store.  Defendants paid approximately $20,000 in royalties to AFB from the expiration of the Agreement in September to April 2007 and Mike Shuman served on the AFB Advisory Council through at least March/April of 2007.  On or about May 22, 2007, Defendant Mike Shuman sent written notice to AFB of the Company's desire to terminate the business relationship with AFB.  Defendants claim they stopped using the AFB trademark and other identifying marks in June 2007.  On June 22, 2007, Plaintiff's hired a person who took photos of the store located at 1758 W. State Street, Boise, ID.  The photos indicate that the signage in front of the new store stated its new name (Shu's Running Company) and then had a lower sign which stated "Formerly Athlete's Foot Store."  Defendants claim this reference to Athlete's Foot has since been removed and there is no inventory or signage in the store with the Athlete's Foot trademark.

Plaintiff's seek to have the Court enjoin alleged Lanham Act violations and enforce the non-compete clause of the Agreement by enjoining Defendants from operating an athletic footwear store within a three mile radius of the 1752 West State Street address.

---

[3]It is unclear to the Court why the term of "Company's Area of Responsibility" was changed to "Company's Area of Primary Responsibility" and why the zip code of the amendment is incorrect, but these errors do not appear to be material as the intent of the parties was to limit the Company's Area of Responsibility to a three mile radius around the store at 1752 West State Street.

Defendants maintain the Agreement expired and they are no longer subject to the non-competition clause, alternatively, the Defendants argue the clause is ambiguous, any breaches in the contract were by AFB for not negotiating in good faith, and irreparable harm has not been established by Plaintiff.

## Analysis

As of the time of this motion, the Court is not aware of any continued use of the protected trademarks of AFB by Defendants.  Accordingly, the requested injunction on this issue appears to be unnecessary, but the Court will grant the same to avoid any problems in the future.  As to the non-competition clause, the Court finds the requested injunction should be denied at this time.

In this particular case, the Court finds the movant has not satisfied "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." Miller v. California Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (en banc).  Clearly, whether the Defendants' alleged breach of Agreement's non-compete clause has occurred is disputed by the parties.  Arguably, the parties had an implied contract after the expiration of the Agreement as both sides continued complying with all terms in the Agreement even though the Agreement had expired.  Not until May 22, 2007, did the implied contract between the parties terminate.  Based on the record before the Court, it appears the terms of the implied

contract were the terms of the Agreement, but this ultimate legal determination cannot be made at this stage in the litigation.

The general rule is that findings of fact and conclusions of law made in a court's disposition of a motion for preliminary injunction are provisional. Assuming the existence of at least an implied contract between the parties, the Court finds the expiration of the Agreement did not necessarily terminate the non-compete clause between the parties. The Court also finds for purposes of this motion, that based on its review of the non-compete clause, that Pennsylvania law would uphold such a clause as reasonable as to scope and duration and that the clause is not ambiguous.

Therefore, for purposes of the motion for a preliminary injunction, the Court finds Plaintiffs have established possible success on the merits of alleged violations of the Lanham Act (during a limited time period after May 22, 2007 until all signage and trademarks were removed), continuation of the terms of the Agreement after expiration of the contract until Defendants terminated the contract in May 22, 2006, and that the non-competition clause is unambiguous. However, the Court also finds Plaintiff has not established irreparable harm and likelihood of success on the merits alone is insufficient to support the issuance of a preliminary injunction. Dollar Rent A Car of Washington, Inc. v. The Travelers Indemnity Co., 774 F.2d 1371 1375 (9th Cir. 1985).

In this case, AFB is not currently operating or attempting to contract with anyone to operate an Athlete's Foot shoe store within the three mile radius of 1752 W. State Street. This makes the case distinguishable from the facts in Athlete's Foot Marketing

MEMORANDUM ORDER - 7

Assocates v. Zell Investment, Inc., 2000 WL 42186 (W.D. Pa. 2000) where Athlete's Foot was already in final negotiations with another party for a location at a shopping center adjacent to where the defendant Zell was still operating a shoe store.  While it is true that AFB has entered into a contract for a store in Eagle, ID that store is not within the three mile radius of the non-compete clause and does not fall under the 10 mile radius test of the non-competition clause as such store was not in existence when the Agreement was signed by the parties.  The lack of "actual" interference with competition can be considered in determining whether or not to issue an injunction.  See Noodles Development, LP v. Ninth Street Partners, LLP, ___ F. Supp.2d ___, 2007 WL 1115216 (E.D. Mo. 2007).

An alleged breach of a non-competition clause does not automatically create an inference of irreparable harm.  Novus Franchising, Inc. v. Oksendahl, slip opinion, 2007 WL 2084143 (D. Minn July 1, 2007).  Furthermore, any economic loss to AFB due to the alleged breach of the non-competition clause is in the form of monetary loss and not irreparable harm.  See Elias v. Connett, 908 F.2d 521, 526 (9th Cir. 1990) (monetary harm alone insufficient to merit injunctive relief); Dollar Rent A Car of Washington, Inc. v. The Travelers Indemnity Co., 774 F.2d 1371 (9th Cir. 1985).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).  Should Plaintiff prevail on their Lanham Act and breach of contract claims, damages could be determined at that time.[4]

---

[4]In making this statement, the Court wants to be clear that it has not decided the legal issues related to the contract(s) between the parties in ruling on this motion for preliminary

Finally, the Court finds there is no likelihood of confusion by customers that the current store is an Athlete's Foot store since all reference to Athlete's Foot has been removed by Defendants and Defendants are not attempting to hold themselves out as an Athlete's Foot store.   There is simply no evidence of loss of goodwill to Plaintiff if Defendants continue to operate their store.

In applying the second test for a preliminary injunction, the Court finds Plaintiff has established the existence of serious questions going to the merits of the non-competition clause and Lanham Act and at least a fair chance of success on the merits, however, the balance of hardships tips sharply in Defendants favor, not Plaintiff's.   Plaintiff is not operating any business within the three mile radius of 1752 West State Street, while Defendants have an on-going business where they have signed a multiple year lease.   To enjoin Defendant's business would cause great hardship to Defendants and Plaintiff will suffer little hardship if the store remains open during the pendency of this litigation.

For all of these reasons, the motion for preliminary injunction enjoining Defendants from operating a store within the applicable three mile radius is denied.

---

injunction.  It appears that Defendants will be filing a counterclaim alleging breach of contract by Plaintiff based on their arguments on this motion.  Until the case is  fully ripe, the contract issues cannot be decided by this Court.  The Court has merely determined for purposes of this motion for a preliminary injunction that Plaintiff has a likelihood of success on the merits of its contractual arguments and limited Lanham Act violations.

MEMORANDUM ORDER  - 9

## Order

Being fully advised in the premises, the Court hereby orders that the Plaintiff's motion for preliminary injunction (Docket No. 10) is **GRANTED IN PART AND DENIED IN PART.** Defendants shall cease and desist from the use of any protected trademarks related to or owned by AFB, however, the injunction relating to the operation of Shu's Running Company is denied.

**DATED:  October 5, 2007**

**Honorable Edward J. Lodge**
**U. S. District Judge**

MEMORANDUM ORDER  - 10